

PRICE DANIEL
ATTORNEY GENERAL

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

December 9, 1952

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Austin, Texas          Opinion No. V-1546.

                    Re:   Action under Section 17
                          of Article 6701h, V.C.S.,
                          when a driver's license
                          is suspended under Sec-
                          tion 22 of Article 6687b,
Dear Colonel Garrison:    V.C.S.

        In your recent request for an opinion of this
office, you ask the following question:

        "When the Department of Public Safety,
    pursuant to the authority granted in Sec. 22
    of Article 6687b, suspends a license after
    receiving a report from the court of an
    affirmative finding by the court on behalf of
    the Department, is this such a suspension or
    revocation of a license of any person 'upon
    receiving record of a conviction or a for-
    feiture of bail' as to require the Department
    of Public Safety to suspend the registration
    for all motor vehicles registered in the name
    of such person as required by Sec. 17(a) of
    Article 6701h, V.C.S.?"

        Subdivision (a) of Section 17, Article 6701h,
V.C.S., reads:

        "Whenever the Department, under any law of
    this State, suspends or revokes the license
    of any person upon receiving record of a con-
    viction or a forfeiture of bail, the Department
    shall also suspend the registration for all
    motor vehicles registered in the name of such
    person, except that the Department shall not
    suspend such registration, unless otherwise
    required by law, if such person has previously
    given or shall immediately give and thereafter

maintain proof of financial responsibility with respect to all motor vehicles registered by such person."

Subdivision (a) of Section 22, Article 6687b, V.C.S., reads:

"(a)  When under Section 10 of this Act the Director believes the licensee to be incapable of safely operating a motor vehicle, the Director may notify said licensee of such fact and summons him to appear for hearing as provided hereinafter. Such hearing shall be had not less than ten (10) days after notification to the licensee or operator under any of the provisions of this Section, and upon charges in writing a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing. For the purpose of hearing such cases jurisdiction is vested in the mayor of the city, or judge of the police court, or a justice of the peace in the county or subdivision thereof where the operator or licensee resides. Such court may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relative books and papers. It shall be the duty of the court to set the matter for hearing upon ten (10) days written notice to the Department. Upon such hearing, in the event of an affirmative finding by the court, the officer who presides at such hearing shall report the same to the Department which shall have authority to suspend said license for a period not greater than one (1) year, provided, however, that in the event of such affirmative finding the licensee may appeal to the county court of the county wherein the hearing was held, said appeal to be tried de novo. Notice by registered mail to address shown on the license of licensee shall constitute service for the purpose of this Section."

The word "conviction" is the key to the answer to the question you present concerning Article 6701h. By

the wording of Section 17, the Department is authorized to suspend the registration of motor vehicles of a licensee if it has first suspended or revoked the license of the licensee upon receipt of a record of conviction or a forfeiture of bail of the licensee.

The term "conviction" ordinarily refers to the determination of the guilt of a party in a criminal proceeding before a judicial tribunal. Snodgrass v. State, 150 S.W. 162 (Tex.Crim. 1912); Hill v. State, 41 Tex. 253 (1874). In Snodgrass v. State, the Court quoted the definition for conviction given in 9 Cyc. 865, as follows:

". . . In 9 Cyc. 865, the general definition of the word 'conviction' is given as: 'The finding of a person guilty by a verdict of a jury; that legal proceeding of record which ascertains the guilt of the party, and upon which the sentence of judgment is founded.'"

Conviction in its most extensive sense signifies the giving of judgment against a defendant, whether criminal or civil. In a more limited sense it means the judgment given against a criminal. 18 C.J.S. 97, 98, Conviction.

A search of Texas cases interpreting the word "conviction" shows that the word has been defined as the finding of a person guilty in a criminal judicial hearing, the judgment entered in a criminal judicial proceeding, and the pronouncement of sentence in a criminal judicial proceeding. It is our opinion that the word "conviction" is used in Article 6701h in the ordinary sense of a conviction in a criminal proceeding. No Texas case indicates that the term includes fact findings before an administrative officer. It should be noted that in Section 22 of Article 6687b, the officer or court conducting the hearing acts in an administrative capacity in making the "affirmative finding" upon which the Department of Public Safety suspends the license. Prince v. Garrison, 248 S.W.2d 241 (Tex.Civ.App. 1952). Clearly this language shows that the Legislature did not consider such action under Section 22 of Article 6687b to be a conviction.

Thus it is evident under subdivision (a) of Section 17, Article 6701h, that the Department is to suspend registration only where the licensee has been found guilty in a criminal judicial proceeding and the Department has received record thereof.

The action of suspension which the Department is authorized to perform under Section 22 of Article 6687b is based upon the outcome of an administrative proceeding, not a criminal judicial proceeding. Prince v. Garrison, supra. This section of Article 6687b would not apply to suspension of registration under subdivision (a) of Section 17, Article 6701h.

## SUMMARY

The suspension of an operator's license pursuant to Section 22 of Article 6687b, V.C.S., is not such a conviction, as that term is employed in Section 17 of Article 6701h, as to authorize the Department of Public Safety to suspend the registration of vehicles registered in the name of the licensee.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

William S. Lott
State Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

By Milton Richardson

Milton Richardson
Assistant

mr/mh